IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-501-F

| | |
|---|---|
| SANDRA ELLIOT and LEARNING LINKS EDUCATIONAL CENTER, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOHNSON LEXUS OF RALEIGH and )<br>BRANCH MANAGERS, )<br>)<br>Defendants. ) | MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the court for review of Plaintiffs' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, it is RECOMMENDED that Plaintiffs' complaint be DISMISSED.

## I. LEGAL STANDARD

When a party is proceeding *in forma pauperis*, the court reviews the allegations of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly

fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court

2

is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* pleadings are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiff Sandra Elliot, an inmate in the custody of the Bureau of Prisons, alleges that on or about October 15, 2009, the United States Marshals Service wrongly seized a 2009 Lexus GX 470 SUV owned by Elliot and Plaintiff Learning Links Educational Center[1] from the premises of Defendant Johnson Lexus. Compl. [DE-1] at 3. Elliot further alleges that Defendants failed to provide her with proper notice prior to allowing the Marshals Service to seize her vehicle and asserts claims under 42 U.S.C. §§ 1983 and 1985, as well as state law claims for conversion and conspiracy to commit conversion, negligence, and intentional infliction of emotional distress. Compl. Addendum [DE-1-1] at 2-6.

### A.  Section 1983 Claim

Section 1983 prohibits conduct by persons acting "under the color of state law." 42 U.S.C. § 1983. "The under-color-of-state-law element of § 1983, like the Fourteenth Amendment's state-action requirement, excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Rodgers v. Waste Indus., Inc.*, No. 4:12-CV-294-FL, 2013 WL 4460265, at *4

---

[1] The *pro se* Plaintiff may not raise claims on behalf of Learning Links Educational Center because an entity may "appear in federal court only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 195 (1993).

3

(E.D.N.C. Aug. 19, 2013) (internal quotation marks and citations omitted), *aff'd*, 553 F. App'x 332 (4th Cir. 2014). Here, the seizure of Plaintiffs' vehicle is alleged to have been carried out by the United States Marshals Service, which is a federal and not state agency, and there is no allegation that Defendants acted under the color of state law. Accordingly, Plaintiffs have failed to state a § 1983 claim. However, because the allegations include federal actors, the undersigned will construe Plaintiffs' complaint liberally and consider whether a *Bivens* claim has been sufficiently pled. *See Benton v. Whitney*, No. 3:12-CV-178-RJC, 2012 WL 4321323, at *1 n.1 (W.D.N.C. Sept. 20, 2012) (construing *pro se* complaint as a *Bivens* action, which is the federal counterpart of an action brought under 42 U.S.C. § 1983) (citing *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971)).

*Bivens* provides a private cause of action against a federal officer based on a Constitutional violation. *See Taylor v. U.S., Health Net Fed. Servs., LLC*, No. 7:11-CV-268-FL, 2014 WL 1096298, at *4 (E.D.N.C. Mar. 19, 2014) (citing *Bivens*, 403 U.S. at 397). *Bivens* does not, however, provide a cause of action against "'private corporations acting under color of federal law.'" *Id.* (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001)). There is no allegation that Defendant Johnson Lexus was acting under color of federal law and, even if there were, no *Bivens* claim can lie against a private entity, because *Bivens* is aimed at addressing conduct by individuals, i.e., officers. *Id.* Accordingly, Plaintiffs have failed to state a *Bivens* claim against Defendant Johnson Lexus.

Similarly, with respect to the Branch Manager Defendants, there is no allegation that these individuals are government actors, and private individuals are not subject to liability under *Bivens* where there are adequate remedies under state law. *Wilson v. Miner*, No. 5:11-CT-3151-F, 2013 WL

4

486788, at *3 (E.D.N.C. Feb. 7, 2013) (citing *Holly v. Scott*, 434 F.3d 287, 290 (4th Cir. 2006)). Plaintiff has, in fact, asserted state law claims of conversion, negligence, and intentional infliction of emotional distress against Defendants, which provide an alternative remedy to a *Bivens* action. *See Holly*, 434 F.3d at 295 (finding state law negligence claim provided remedy and, thus, extension of *Bivens* was unnecessary). Accordingly, Plaintiffs have failed to state a *Bivens* claim against the Defendant Branch Mangers.

Alternatively, Plaintiffs' claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which stands for the proposition that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87. The Fourth Circuit has also determined that *Heck* applies to *Bivens* claims. *Poston v. Shappert*, 222 F. App'x 301, 2007 WL 1031695, at *1 (4th Cir. Mar. 30, 2007) (unpublished op.).

The undersigned takes judicial notice of the criminal proceeding against Elliot in this court, *United States v. Elliott*, No. 5:09-CR-383-BO ("*Elliot*" or the "criminal case"). The one-count criminal information to which Elliot pled guilty contained a forfeiture notice that "defendant shall forfeit to the United States any and all property, real or personal, constituting or derived from, directly or indirectly, from gross proceeds traceable to the commission of the offense," including the

5

property Elliot claims was wrongfully seized.[2] *Id.* [DE-1]. Elliot entered into a consent to forfeiture agreement with the government in the criminal case, *id.* [DE-13], and a final order of forfeiture was entered on April 29, 2010, *id.* [DE-31]. The judgment and amended judgment entered in the criminal case, referencing the final order of forfeiture, also included Elliot's forfeiture of this property. *Id.* [DE-41] at 6; [DE-51] at 6. Elliot's sentence was affirmed on appeal and the court declined to rule on her claim of ineffective assistance of counsel on direct appeal. *Id.* [DE-57], *United States v. Elliott*, No. 11-5188 (4th Cir. July 2, 2012). Elliot's petition filed pursuant to 28 U.S.C. § 2255 was subsequently dismissed, *id.* [DE-77] and her motion for reconsideration denied, *id.* [DE-90]. Elliot's appeal of these rulings is pending. *Id.* [DE-95]. Elliot has also filed a motion for return of property in the criminal case *id.* [DE-86], which is currently pending before the district court.

The seizure and subsequent forfeiture at issue was made in connection with the criminal case in which Elliot pled guilty and was convicted, and Plaintiffs have not alleged that Elliot's underlying conviction or the underlying forfeiture have been reversed or invalidated—the court's records show that they have not. *See Anderson v. State of Maryland*, No. CIV.A. AMD-04-4071, 2005 WL 3877407, at *1 (D. Md. Jan. 28, 2005), *aff'd sub nom. Anderson v. Maryland*, 126 F. App'x 154 (4th Cir. 2005) (dismissing as barred by *Heck* claims against for, among other things, the allegedly unlawful forfeiture of plaintiff's property where plaintiff was convicted of the offenses for which he was arrested). Accordingly, Plaintiffs' claim is also barred by *Heck*.

---

[2] It is noted that in the forfeiture notice the vehicle is identified as a 2008 model rather than a 2009, but the vehicle identification number in the forfeiture notice matches that on the documentation provided by Plaintiff. *Compare* Compl. Addendum, Ex. 1 [DE 1-1] at 12, *with* the Final Order of Forfeiture, No. 5:09-CR-383-BO [DE-31].

B.  Section 1985 Claim

Plaintiffs allege that Defendants violated 42 U.S.C. § 1985(3), by conspiring to deprive then of their property. Compl. Addendum [DE-1-1] at 3.

> An action under section 1985(3) consists of these essential elements: (1) A conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. *See United Brotherhood of Carpenters v. Scott*, 463 U.S. 825, 828-29, 103 S. Ct. 3352, 3355-56, 77 L. Ed. 2d 1049 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 1798, 29 L. Ed. 2d 338 (1971); *Ward v. Connor*, 657 F.2d 45, 47 n.2 (4th Cir. 1981).

*Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985). Plaintiffs have failed to allege any "specific class-based, invidiously discriminatory animus" motivating Defendants. Furthermore, claims under § 1985 are subject to *Heck*, and, thus, are not cognizable for the same reasons stated with respect to Plaintiffs' § 1983 or *Bivens* claim. *See Poston*, 2007 WL 1031695, at *1 (citing *Stephenson v. Reno*, 28 F.3d 26, 26-27 & n.1 (5th Cir. 1994) (per curiam) (applying holding in *Heck* to 42 U.S.C. § 1985 claim)). Accordingly, Plaintiffs have failed to state a § 1985(3) conspiracy claim.

C.  State Law Claims

Plaintiffs have asserted state law claims for conversion and conspiracy to commit conversion, negligence, and intentional infliction of emotional distress. Having recommended dismissal of the federal claims asserted, it is further recommended that the court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367 (stating a court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"); *Chesapeake Ranch Water Co. v. Bd. of Comm'rs of Calvert Cnty.*, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined

7

supplemental jurisdiction of state claims); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (recognizing that under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

### III. CONCLUSION

Based upon the foregoing, it is RECOMMENDED that this case be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, the 21 day of October 2014.

Robert B. Jones, Jr.
United States Magistrate Judge